U.S. Citizenship
and Immigration
Services

200 Dyer Street
Providence RI 02903

25 JAN 2008

Alicia Gonzalez Rivera
108 Home Avenue
Providence RI 02908

Refer to this file number:

A079 227 512

DECISION ON NATURALIZATION APPEAL
(FORM N-336)

Dear Ms. Rivera:

On February 01,2006, you filed an Application for Naturalization (Form N-400) under Section 319(a) of the Immigration and Nationality Act as amended. You were examined on that application on May 22, 2006. On June 09, 2006, the Service denied your application for Naturalization in a written decision that is a matter of record.

The application was denied because you had demonstrated a lack of good moral character by failing to reveal citation for a motor vehicle violation at the time of your examination. On June 22, 2006, you submitted Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings. A Service officer interviewed you on September 14, 2006. You stated in your appeal that because the violation was a traffic offense you believed it would not appear on your records. You further stated that it was not your intention to make false statements at the time of your examination.

Section 319(a) of the Immigration and Nationality Act, as amended, states, in part,

> Any person whose spouse is a citizen of the United States may be naturalized upon compliance with all the requirements of this title except the provisions of paragraph (1) of section 316(a) if such person immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least three years, and during the three years immediately preceding the date of filing his application has been living in marital union with the citizen spouse, who has been a United States citizen during all of such period. . .

Title 8, Code of Federal Regulations, at Part 319.1, states, in part:

Eligibility. To be eligible for naturalization under Section 319(a) of the Act, the spouse of a United States citizen must establish that he or she:

A079 227 512

> Has been lawfully admitted for permanent residence to the United States;
> (3) Has been living in marital union with the citizen spouse for the three years immediately preceding the date of examination on the application, and the spouse has been a United States citizen for that three-year period.

Title Eight, Section 316.2(a)(2) of the Code of Federal Regulations (8CFR) states that, to be eligible for naturalization, an alien must establish that he or she has been lawfully admitted as a permanent resident of the United States.

8CFR Section 1.1 defines the term lawfully admitted for permanent residence as the status of having been lawfully accorded the privileged of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

Title 8, Section 316(a) of the Immigration and Nationality Act as amended states in part:

No person. . . shall be naturalized, unless such applicant,

> (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the Unites States and well disposed to the good order and happiness of the United States.

Title 8, Section 316.10 of the Code of Federal Regulations (8CFR) states in part

:

> (1) an applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character; this includes the period between the examination and the administration of the oath of allegiance.

(b) Finding of a lack of good moral character

> (2) An applicant shall be found to lack good moral character if during the statutory period the applicant has:
>
> (vi) given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with the intent to obtain an immigration benefit: this prohibition applies regardless of whether the testimony was material, in the sense that, if given truthfully, it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit;

A079 227 512

As required under the law, the Service has conducted a de novo review of your application for naturalization. A review of public records indicates that you and Carlos Enrique Rivera, your claimed United States citizen spouse are not living together in marital union. Mr. Rivera currently maintains a residence at 43 Rowley Street, Providence RI. Since March 2002, when you and Mr. Rivera were interviewed in conjunction with your application for adjustment of status, he has resided at numerous addresses, other than the Home Avenue address that you claimed to be your address of record at your naturalization examination on September 14, 2006. In addition, in December 2002, at the time of his application to the Division of Motor Vehicles for the State of Rhode Island and Providence Plantations, for the renewal of his driver's license, Mr. Rivera gave his residence address as 428 Farnum Pike, Smithfield RI.

It is the opinion of this Service that you gave false testimony on your naturalization examination by failing to reveal that you had given false testimony and given false and misleading information in pursuit of an immigration benefit, by entering into an apparent sham marriage with Carlos Enrique Rivera. It is the opinion of the Service that you lack the necessary good moral character for naturalization. It is also the opinion of this Service that you were not lawfully admitted for permanent residence as you obtained the benefit by misrepresentation. Accordingly, your application for naturalization is hereby denied pursuant to Title Eight, Section 316.2(a)(2) and 316.10(b)(2)(vi) of the Code of Federal Regulations.

Accordingly, pursuant to 8 CFR 336.2(b), the decision upon your application for naturalization has been affirmed and your appeal must hereby be dismissed as you have failed in your burden of demonstrating that you are a lawful permanent resident and that you are a person of good moral character as required under Section 316 of the Immigration and Nationality Act as amended. Under 8 CFR 336.9(b), this decision constitutes a final administrative denial of your application.

If you wish to request judicial review of this final determination of your Application for Naturalization, you may file a petition for review in the United States District Court having jurisdiction over your place of residence, in accordance with Chapter 7 of Title 5, United States Code. You must do so within the 120-day period following the date of this notice. Pursuant to Title 8, Code of Federal Regulations, Part 336.9, the petition for review shall be brought against the Citizenship and Immigration Service and service of the petition for review shall be made upon the Secretary of the Department of Homeland Security and upon the Officer in Charge of the Citizenship and Immigration Services office at Providence, Rhode Island. Section 310 (c) of the Immigration and Nationality Act, as amended, provides for judicial review of a denial of an application for naturalization.

A079 227 512

Sincerely,

Rosetta R. Martini
Field Office Director